MARC J. SCHNEIDER, State Bar No. 214609
  mschneider@sycr.com
STEPHEN L. RAM, State Bar No. 240769
  sram@sycr.com
JESSICA L. MULLEN, State Bar No. 288845
  jmullen@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Attorneys for Third Parties
**ACACIA RESEARCH CORP. and**
**ACACIA RESEARCH GROUP LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| LENOVO HOLDING COMPANY, INC. and LENOVO (UNITED STATES) INC., <br><br> LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC., LG DISPLAY CO., LTD., and LG DISPLAY AMERICA, INC., <br><br> Movants, <br><br> vs. <br><br> ACACIA RESEARCH CORP. and ACACIA RESEARCH GROUP LLC <br><br> Non-Movants. <br> Defendants. | Case Nos. <br><br> (District of Delaware Case No. 13-2108-RGA) <br><br> (District of Delaware Case No. 13-2109-RGA) <br><br> **DECLARATION OF JESSICA L. MULLEN IN SUPPORT OF JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2 REGARDING LENOVO'S AND LG'S MOTION TO COMPEL ACACIA TO COMPLY WITH SUBPOENA** <br><br> Discovery Cutoff Date: 12/04/15 <br> Pretrial Conference Date: 10/14/16 <br> Trial Date: 10/24/16 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DECLARATION OF JESSICA L. MULLEN RE JOINT STIPULATION
LITIOC/2127367v1/101023-0066

I, Jessica L. Mullen, declare:

1. I am an attorney in the law firm of Stradling Yocca Carlson & Rauth, P.C., counsel for Acacia Research Corporation ("ARC") and Acacia Research Group, LLC ("ARG") in the above captioned case. I make each of the statements below based on my own personal knowledge, and, if called as a witness, I could and would testify competently to the contents of this declaration.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the December 31, 2014 Confidential License and Covenant Agreement with Microsoft Corporation.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the June 29, 2015 Order Regarding Discovery, Including Discovery of Electronically Stored Information ("Discovery Order") issued in consolidated cases: *Delaware Display Group, LLC, et al., v. Lenovo Holding Co., et al.*, C.A. No. 13-cv-2108-RGA (D. Del.) and *Delaware Display Group, LLC, et al., v. LG Electronics, Inc.*, C.A. No. 13-cv-2109-RGA (D. Del.) (collectively, the Patent Litigation).

4. Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiffs' October 21, 2015 correspondence to the Honorable Judge Richard G. Andrews in the Patent Litigation.

5. Attached hereto as **Exhibit 4** is a true and correct copy of the March 25, 2013 Consulting Agreement with Rambus Delaware LLC.

6. Attached hereto as **Exhibit 5** is a true and correct copy of the January 30, 2013 Agreement with Rambus Delaware LLC.

7. Attached hereto as **Exhibit 6** is a true and correct copy of my July 23, 2015 letter to Mr. Robert Pluta, counsel for Defendants LG Electronics Inc.; LG Electronics U.S.A., Inc.; and LG Display Co. Ltd.; LG Display America, Inc.

8. Attached hereto as **Exhibit 7** is a true and correct copy of my September 24, 2015 letter to Mr. Pluta.

9. Attached hereto as **Exhibit 8** is a true and correct copy of my October

- 1 -
DECLARATION OF JESSICA L. MULLEN RE JOINT STIPULATION

2, 2015 letter to Mr. Pluta.

10. Attached hereto as **Exhibit 9** is a true and correct copy of my October 22, 2015 letter to Eric Klein, counsel for Defendants Lenovo Holding Company Inc. and Lenovo (United States) Inc.

11. Attached hereto as **Exhibit 10** is a true and correct copy of my October 22, 2015 letter to Mr. Pluta.

12. Attached hereto as **Exhibit 11** is a true and correct copy of the transcript from the audio recording of proceedings on March 11, 2015, in the matter of *In Re Acacia Research Corporation*, Case No: 14-4501 (2d. Cir.).

13. During the September 17 and 18, 2015 conference of counsel in which Movants' counsel Mr. Pluta, Plaintiffs' counsel, Messrs. Justin Kimble and Jeffery Bragalone, and I participated, I stated that Plaintiffs have all documents relating to U.S. Patent Nos. 7,434,974; 7,537,370; 7,914,196; and 8,215,816 (the "Asserted Patents"), and that Movants should seek those documents from Plaintiffs, rather than from Plaintiffs' corporate parents, ARC and ARG.  Mr. Kimble confirmed that Plaintiffs had produced or would produce all non-privileged documents relating to the Patent Litigation including relevant license agreements.

14. During the October 22, 2015 conference of counsel in which Movants' counsel Messrs. Pluta and Klein, Plaintiffs' counsel, Mr. Kimble, and I participated, Mr. Kimble explained that Plaintiffs had not produced a privilege log because the parties had not met and conferred on privilege logs as required by the Discovery Order.  Movants and Plaintiffs agreed to meet and confer on the nature and scope the privilege logs and Plaintiffs agreed to produce a privilege log after the parties conferred on the issue.  I was informed during that call that at least some Defendants had not produced a privilege log in the Patent Litigation.

15. During the same October 22, 2015 conference of counsel Mr. Pluta asserted that the Discovery Order's protection against e-mail discovery does not apply to third parties and demanded that ARC and ARG produce e-mail

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 2 -
DECLARATION OF JESSICA L. MULLEN RE JOINT STIPULATION
LITIOC/2127367v1/101023-0066

communications. Mr. Pluta admitted that Movants and Plaintiffs had not engaged in e-mail discovery. I stated that Movants' demand was an attempt to circumvent meet and confer negotiations with Plaintiffs and the Discovery Order.

16. During the same October 22, 2015 conference of counsel, I explained that the patent agreements between ARC and other third parties concerning unrelated patents ("Global Agreements") do not license any of the Asserted Patents and pre-date ARG's acquisition of the Asserted Patents and Plaintiffs' patents. I represented that ARC entered into each of the Global Agreements between December 2009 and March 2012. Mr. Klein stated that such agreements were relevant to damages calculations, but did not provide any explanation for his argument.

17. On November 2, 2015, I provided written notice to the Global Agreement counterparties that ARC may be required to produce the Global Agreements and related documents and communications pursuant to Movants' Joint Stipulation. On November 5, 2015, I received a letter from counsel for a Global Agreement counterparty objecting to the disclosure of that agreement and unidentified related documents and communications in this action.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6 day of November, 2015, in Newport Beach, California.

/s/ Jessica L. Mullen_____
JESSICA L. MULLEN