# EXHIBIT 6



STRADLING YOCCA CARLSON & RAUTH, P.C.
660 NEWPORT CENTER DRIVE, SUITE 1600
NEWPORT BEACH, CA 92660-6422
SYCR.COM

<u>CALIFORNIA</u>
   NEWPORT BEACH
   SACRAMENTO
   SAN DIEGO
   SAN FRANCISCO
   SANTA BARBARA
   SANTA MONICA
<u>COLORADO</u>
   DENVER
<u>NEVADA</u>
   RENO

JESSICA MULLEN
949.725.4081
JMULLEN@SYCR.COM

July 23, 2015

**By Email and U.S. Mail**

Robert G. Pluta
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
rpluta@mayerbrown.com

    Re:    *Third Party Subpoenas to Acacia Research Corporation ("ARC") and Acacia Research Group, LLC ("ARG") in Connection With Delaware Display Group LLC, et al., v. LG Electronics Inc., et al., Civ. A. No. 13-2109-RGA (D. Del.)*

Dear Mr. Pluta:

    This firm represents third parties ARG and ARC in the above referenced litigation. We recently received your subpoenas to produce documents, both dated July 9, 2015 ("Subpoenas"), issued by counsel for Defendant LG Display Co., Ltd. and all other Defendants listed in Attachment A to the Subpoenas ("Defendants"). The Subpoenas and the documents requests therein are objectionable for the reasons detailed in ARG's and ARC's enclosed objections and responses. This letter highlights some of the objectionable aspects of the Subpoenas.

    First, Defendants' thirty-nine (39) document requests to ARG and thirty-eight (38) document requests to ARC place an undue burden on ARG and ARC. By virtue of their third-party status, ARG and ARC are entitled to protection from significant expense related to their compliance; in fact, subpoena requests that are not properly tailored are subject to a motion to quash. *See, e.g., Mattel, Inc. v. Walking Mt. Prods.,* 353 F.3d 792, 813 (9th Cir. 2003) (affirming district court decision to quash subpoena; subpoena drafted without any attempt to "tailor the information request to the immediate needs of the case" was "way too broad"); *Watts v. SEC,* 482 F.3d 501, 509 (D.C. Cir. 2007) ("The Rule 45 undue burden standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third patties"); Fed. R. Civ. P. 45(d)(l); Fed. R. Civ. P. 45, Advisory Committee Notes, 2006 Amendments (same).

    Second, ARG and ARC object that many of the requests are not limited to U.S. Patents Nos. 7,384,177; 7,404,660; 7,434,973; 7,434,974; 7,537,370; 7,914,196; and 8,215,816 (the "Patents-in-Suit"). To the extent you are seeking information that does not relate to the Patents-in-Suit, those requests do not seek relevant information. For instance, the Subpoenas make requests for irrelevant, confidential information regarding ARG's and ARC's business structures, finances, operations and unrelated patents. These trade secrets are unrelated to the ongoing litigation and are outside the scope of permissible discovery. Fed. R. Civ. P. 26 (b)(l). Requesting this information is also akin to

Robert G. Pluta
July 23, 2015
Page Two

seeking ARG's and ARC's unretained expert opinion. Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii); *see, e.g.*, *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (quoting Fed. R. Civ. P. 45 advisory committee's note, 1991 Amendments).

Third, ARG and ARC object that the Subpoenas seek documents and information related to *Delaware Display Group LLC, et al., v. LG Electronics Inc., et al.*, Civ. A. No. 13-2109-RGA (D. Del.) in the possession, custody and control of Plaintiff Delaware Display Group LLC ("DDG") and/or Plaintiff Innovative Display Technologies LLC ("IDT") and that, on information and belief, DDG and IDT have complied or are complying with their discovery obligations in the underlying action with respect to all non-privileged documents and information related to the Patents-in-Suit or otherwise relevant to the parties' claims and defenses in that action. ARG's and ARC's production of such documents and information would be unduly burdensome and duplicative. Thus, ARG and ARC will only produce documents not readily accessible to DDG and/or IDT, to the extent that such documents exist.

In light of the fact that documents relevant to the Patents-in-Suit are in DDG's and/or IDT's possession, custody, and control, and that DDG and IDT are complying or have complied with their discovery obligations in the above-captioned matter, it appears that there are no further actions for ARG or ARC to take in response to the Subpoenas. However, ARG and ARC are willing to meet and confer, if Defendants do not agree. For brevity, this letter addresses only certain of the applicable objections to the Subpoenas and does not waive any of the other objections that may be asserted in the Subpoena responses. Please do not hesitate to contact me if you have any questions.

Very truly yours,

Jessica Mullen
STRADLING YOCCA CARLSON & RAUTH, P.C.

Enclosures