# EXHIBIT 7

**STRADLING YOCCA CARLSON & RAUTH, P.C.**
660 NEWPORT CENTER DRIVE, SUITE 1600
NEWPORT BEACH, CA 92660-6422
SYCR.COM

*CALIFORNIA*
  NEWPORT BEACH
  SACRAMENTO
  SAN DIEGO
  SAN FRANCISCO
  SANTA BARBARA
  SANTA MONICA

*COLORADO*
  DENVER

*NEVADA*
  RENO

JESSICA MULLEN
949.725.4081
JMULLEN@SYCR.COM

September 24, 2015

**By Email**

Robert G. Pluta
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
rpluta@mayerbrown.com

Re:    *Third Party Subpoenas to Acacia Research Corporation ("ARC") and Acacia Research Group, LLC ("ARG") in Connection With Delaware Display Group LLC, et al., v. LG Electronics Inc., et al., Civ. A. No. 13-2109-RGA (D. Del.)*

Dear Mr. Pluta:

This letter memorializes our meet and confer calls on September 17 and 18, in which you, Michael Lindinger, Alison Gelsleichter, Annie Knuth, Justin Kimble, Jeff Bragalone, and I participated. This letter also responds to yours of August 31, 2015 regarding the responses and objections of Acacia Research Corporation ("ARC") and Acacia Research Group ("ARG") to the subpoenas to produce documents (the "Subpoenas") issued by counsel for Defendant LG Display Co., Ltd. and all other Defendants listed in Attachment A to the Subpoenas ("Defendants").

    **A.**    **Delaware Display Group LLC and Innovative Display Technologies Have All Documents Relating To The Patents-In-Suit**

As stated in ARC's and ARG's objections and responses to the Subpoenas, and reiterated during our meet and confer calls, Delaware Display Group LLC ("DDG") and Innovative Display Technologies ("IDT," collectively with DDG, "Plaintiffs") have all documents relating to the Patents-in-Suit.[1] As specified during our meet and confer calls, Plaintiffs have *all* documents related to the Patents-in-Suit. Consequently, any concerns relating to the timing and scope of Plaintiffs' access to documents relating to the Patents-in-Suit are misplaced. To be clear, *there are no responsive documents* concerning the Patents-in-Suit that Plaintiffs do not already have.

Accordingly, ARG and ARC have nothing additional to produce that relates to the Patents-In-Suit (*i.e.*, Document Request Nos. 7-8, 11-12, 14-16, 19, 21-29, and 35-38).

---

[1] As used herein, the term, "Patents-in-Suit" refers to U.S. Patent Nos. 7,384,177; 7,404,660; 7,434,973; 7,434,974; 7,537,370; 7,914,196; and 8,215,816.

Robert G. Pluta
September 24, 2015
Page Two

Indeed, Mr. Kimble confirmed that Plaintiffs are complying with their discovery obligations. It is our understanding that Plaintiffs have produced (or will produce) a number of documents relating to the underlying litigation, such as relevant license agreements, documents relating to the acquisition of the Patents-in-Suit, information disclosed by Rambus to Acacia prior to the acquisition, and portions of deposition transcripts and expert reports (to the extent possible, given third party confidentiality issues).  Notably, you did not dispute the sufficiency or completeness of Plaintiffs' document production during our meet and confer calls.

Further, Request Nos. 25, 26, and 29, which seek valuations, infringement analyses, and prior art relating to the Patents-in-Suit, respectively, are, like other documents related to the Patents-in-Suit, in the possession of DDG and IDT.  On information and belief, DDG and IDT have or will make the appropriate privilege assertions over these documents and will produce or log responsive but privileged documents, if any, pursuant to the Discovery Order.

Given that Plaintiffs have provided or will provide all documents relating to the underlying litigation and the Patents-in-Suit, any additional document production by ARC and ARG would be unduly burdensome, duplicative, and harassing.  As third parties, ARC and ARG are entitled to protection from unduly burdensome and duplicative discovery demands.  *See, e.g.*, *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 576-77 (N.D. Cal. 2007) (granting motion to quash third-party subpoena where "the vast majority of the discovery sought . . . is discovery obtainable from a source more direct, convenient, and less burdensome—namely, from Defendants.").

Accordingly, ARC and ARG have no additional responsive documents to produce in connection with Request Nos. 7, 8, 11, 12, 14, 15, 16, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 35, 36, 37, and 38.

### B.       ARC And ARG Are Third Parties To This Litigation

Contrary to your misguided assertions that ARC and ARG are "on nearly equal footing with Plaintiffs," ARC and ARG are third parties to this litigation.  None of your contentions regarding DDG and IDT's relationships with ARC and ARG are relevant to whether ARC and ARG are third parties.  Rather, the facts are that ARC and ARG do not own the Patents-in-Suit, are not parties to the litigation, and did not assert any claims against Defendants.

### C.       The Subpoenas Seek Documents That Are Irrelevant To The Underlying Case

The Subpoenas contain a number of requests that are irrelevant to the underlying case or otherwise make overbroad requests that are unduly burdensome to third parties ARC and ARG.

1.       Request Nos. 1-6

Request Nos. 1-6 seek documents previously produced in other, unrelated litigations. Notwithstanding the fact that the claims and defenses in these other matters are separate and distinct from the claims and defenses in the underlying matter, no such documents exist for a number of these Requests.  With respect to Request Nos. 2-6, no responsive documents exist.

Robert G. Pluta
September 24, 2015
Page Three

With respect to Request No. 1, which seeks documents produced in response to the Subpoena to Produce Documents, Information, or Objects served by Dell Inc. and Microsoft Corp. in connection with Case No. 2:13-cv-522-JRG (Lead Case) (E.D. Tex.) (the "Dell/Microsoft Subpoena"), ARG's document production in response to the Dell/Microsoft Subpoena consists of one highly confidential agreement that is wholly irrelevant to the underlying case.  As I explained during our call, the document that was produced—an agreement between ARC and another entity that is also not a party to this action("Counter Party")—does not relate to any of the Patents-in-Suit.  It is our understanding that there are no Counter Party-supplied products that are being accused in this litigation.  The fact that the document was produced in a prior litigation involving some of the same Patents-in-Suit as those in the underlying litigation does not make ARG's document production itself relevant.  As I explained during our call, the agreement does not at all relate to the Patents-in-Suit or to the claims and defenses of this case.  Mr. Kimble pointed out that you may even have the document that ARG previously produced in response to the Dell/Microsoft Subpoena, and suggested that you would review it to confirm it is not relevant to the underlying litigation.  We assume that, to the extent that you are able to review it, you will agree that it is irrelevant.  But, in any event, ARG stands on its objection and will not be producing the document in this case.

2.      Request Nos. 9-10 and 32

Request Nos. 9 and 10 seek documents relating to IDT and DDG sufficient to show corporate relationships between ARC and ARG and IDT/DDG.  ARC and ARG maintain that these documents are not relevant to the underlying litigation and are outside the scope of permissible discovery.  *See* FED. R. CIV. P. 26(b)(1).  Notwithstanding these valid objections to the above Requests, on information and belief, Plaintiffs have already produced IDT and DDG's formation documents and assignments of the Patents-in-Suit to IDT or DDG from ARG.  To the extent you believe Plaintiffs are withholding responsive documents, that is an issue to be raised with Plaintiffs.

Request No. 32 seeks documents relating to ARC's and ARG's organizational structure.  I confirmed during our call that ARC and ARG would produce responsive documents such as organizational chart(s).

3.      Request Nos. 13, 17, 18, and 33

Similarly, Request Nos. 13, 17, 18, and 33 seek documents relating to ARC's and ARG's policies and procedures for acquiring patents, licensing patents, and compensating individuals for licensing.  Notwithstanding Acacia's objections that these documents are not relevant to the underlying litigation and are outside the scope of permissible discovery, *see* FED. R. CIV. P. 26(b)(1), I confirmed during our calls that, after a reasonable and diligent search, no responsive documents exist as to these Requests.

4.      Request No. 20

Request No. 20 seeks documents relating to meetings by ARC and ARG executives concerning IDT and DDG.  I confirmed that, after a reasonable and diligent search, no responsive documents exist as to this Request.  Mr. Kimble stated that IDT and DDG have certain meeting minutes that Plaintiffs intend to produce.

Robert G. Pluta
September 24, 2015
Page Four

     5.     Request No. 30

Request No. 30 makes a sweeping request for all documents relating to the underlying litigation *and* "any other actual or contemplated licensing, litigation, or administrative proceedings Relating to any and all Patents-in-Suit . . . and all Documents Relating to any financial interest by You Relating to such licensing or litigation."  This Request is patently overbroad and seeks any and all documents not only related to the underlying litigation, but to other, unrelated litigations and "contemplated" litigations, though the term "contemplated" is not defined anywhere in the Subpoenas.  Contrary to your assertion that ARC and ARG provided only boilerplate objections, this patently overbroad Request seeks documents that are far beyond the scope of the underlying litigation and presents a clear undue burden on third parties ARC and ARG.

Nonetheless, on information and belief, IDT has produced all expert reports, deposition transcripts, briefings, and other documents in past litigations such that any further production by ARC or ARG would be duplicative.  You confirmed on our call that IDT and DDG have produced all such documents.

Further, though it is my understanding that Defendants have already received distribution reports from Rambus Delaware LLC, ARG will produce redacted copies of the distribution reports in response to Request No. 30.

     6.     Request No. 31

Request No. 31 seeks documents that Acacia entities previously produced to the Federal Trade Commission ("FTC") during the FTC Investigation (FTC Project No. P131203).  As we discussed, this Request seeks documents that are wholly irrelevant to the underlying litigation.  You generally stated that documents relating to "Acacia's general process" of acquiring patents are relevant to this litigation, though I disagreed with your position.  Moreover, such documents were produced to the FTC pursuant to a government investigation.  The mere fact that ARC and/or ARG cooperated with a government investigation does not make the documents discoverable in this litigation.  If you have authority to the contrary, we would be happy to consider it.  But, absent such authority, ARC and ARG stand on their objections to this Request No. 31.

     7.     Request No. 34

Request No. 34 seeks documents regarding efforts by ARC and ARG to preserve and collect documents for purposes of the underlying litigation or any other litigation involving the Patents-in-Suit.  I confirmed during our meet and confer calls that, after a reasonable and diligent search, no documents exist that are responsive to this Request.  You stated that the Request also sought documents relating to ARC's and ARG's policies relating to providing Plaintiffs with access to documents relating to the Patents-in-Suit.  After a reasonable and diligent search, no documents exist that are responsive to Request No. 34.

     8.     Request No. 39

Request No. 39 seeks all communications between Rambus and any of the Named Inventors, as defined in the Subpoenas, concerning the Patents-in-Suit or any Related Patents, or the subject

Robert G. Pluta
September 24, 2015
Page Five

matter of the underlying litigation.  First, the Request is vague and ambiguous in the use of the wholly-undefined term, "Rambus."  Your August 31 letter makes no effort to define or otherwise clarify "Rambus," and thus ARC and ARG are unclear as to what, exactly, this Request seeks. Second, this Request seeks communications not between ARC and ARG and another party, but between two wholly-unrelated parties.  Accordingly, any communications responsive to Request No. 39 are clearly more easily obtainable from either Rambus or the Named Inventors, as defined in the Subpoenas, as they are parties to the communications Defendants seek.

> **D.      Timing of ARC's and ARG's Production of Documents Responsive to the Subpoenas**

As discussed and agreed upon, ARC and ARG will produce documents responsive to Request Nos. 30 and 32 by Friday, October 2.  It is our understanding that ARC's and ARG's production will be subject to existing orders in the underlying case, including but not limited to the existing protective order.  Because of the confidentiality of ARC's and ARG's documents, we will be designating them pursuant to the levels of protection contained therein.

Very truly yours,

Jessica Mullen
STRADLING YOCCA CARLSON & RAUTH, P.C.

CC:    Jeffery Bragalone
Justin Kimble