UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA MC 15-00032-DOC (DFMx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | Lenovo Holding Company et al. v. Acacia Research Corp. et al. | | |

| Present: The Honorable | Douglas F. McCormick | |
|---|---|---|
| Terri Steele | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order re: Motion to Compel Acacia to Comply with Movants' Subpoenas to Produce Documents [Dkt. 1] and Closing Case

      Moving parties LG Electronics Inc., LG Electronics USA, Inc., LG Display Co., Ltd., and LG Display America, Inc. ("Movants") request an order compelling Acacia Research Corporation and Acacia Research Group LLC (together, "Acacia") to produce documents responsive to Movants' subpoena for documents in connection with a patent infringement case pending in the United States District Court for the District of Delaware, Delaware Display Group LLC et al. v. LG Electronics Inc. et al., Case No. 13-2109-RGA.

      **Non-party discovery.** Acacia objects that Movants are seeking documents they should be seeking from its subsidiaries, Delaware Display Group LLC ("DDG") and Innovative Display Technologies LLC ("IDT"), as DDG and IDT are Plaintiffs in the underlying patent case. Acacia argues that much of what Movants seek is in the possession, custody, or control of Plaintiffs and should be limited under Rule 26(b)(2)(C), which states that discovery should be limited if the Court determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

      Courts have been "particularly reluctant" to order a non-party to provide discovery that can be produced by a party. Amini Innovation Corp. v. McFerran Home Furnishings, Inc., 300 F.R.D. 406, 410 (C.D. Cal. 2014). This reluctance, however, does not translate into an "absolute rule" providing that a party must first seek discovery from a party before turning to a non-party. Software Rights Archive, LLC v. Google Inc., No. 09-017, 2009 WL 1438249, at *2 (D. Del. May 21, 2009).

      Helpfully, Software Rights identified two relevant factors that should be considered. The first is whether the non-party has any interest in the outcome of the case. Id. The second is whether the documents sought are a well-defined set whose completeness can be readily verified, because if a complete set of documents are "surely in the hands of the opposing party, there is far less need to burden the non-party, if at all." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA MC 15-00032-DOC (DFMx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | Lenovo Holding Company et al. v. Acacia Research Corp. et al. | | |

    It appears to the Court that the first factor tilts against Acacia, and militates against drawing the blanket conclusion that Movants' motion should be denied on the Rule 26(b)(2)(C) argument alone. The Court will turn to Movants' individual requests and consider, as part of its analysis, whether the documents sought are a well-defined set of documents whose completeness could be readily verified.

    **Global Agreements.** Movants' RFP Nos. 23 and 36 each implicate the so-called "Global Agreements" between Acacia and Oracle, Microsoft, Samsung, and Cisco. Acacia has refused to produce these agreements, which were entered into in 2009, 2010, 2011, and 2012, respectively, maintaining that they are not relevant to the claims and defenses at issue in the underlying case because Acacia did not acquire the underlying patents-in-suit from Rambus until January 31, 2013. Dkt. 5 at 19-20.[1]

    Movants argue that the terms of the Global Agreements are relevant to damages in the underlying litigation, as the Global Agreements involved a monetary sum paid by at least one counter-party to Acacia (Microsoft) in exchange for a license and covenant not to sue on Acacia's patent portfolio. Acacia acknowledges that the Global Agreements require Acacia to give notice of any new patents acquired by Acacia or its affiliates, as Acacia covenanted that it would not file suit "during the term of the agreement" for those later-acquired patents. Id. at 20. But the linkage between the monetary sum paid by Microsoft and the other counter-parties and any later-acquired patents appears to be non-existent; after all, no one could know at the time the Global Agreements were entered into what if any patents would be acquired. Acacia also argues that the confidentiality provisions in the Global Agreements militate against disclosure. Id. at 23-24.

    Movants' assertions that the Global Agreements are relevant to the parties' dispute about the patents-in-suit are unpersuasive. In their papers, Movants resort to asserting that the Global Agreements are relevant because they are within the scope of the RFPs. Dkt. 29 at 3 ("[T]he Global Agreements and related communications are relevant to RFP Nos. 23 ('contemplated agreements') and 36 ('offers to license') the Patents-in-Suit."). During the hearing, Movants pointed out that the redacted version of the Acacia-Oracle agreement makes reference to Lenovo, see Dkt. 29-2 at 62. But the agreement contains enough information that the Court can tell that Lenovo appears on a list of entities that are excluded from the agreement's provisions about after-acquired affiliates, an issue which is not relevant to the parties' dispute. See Dkt. 29-2 at 33-34.

///
///
///

---

    [1] It appears that Acacia has produced redacted copies of the Samsung and Oracle agreements. See Dkt. 29 at 3. Movants seek an order compelling Acacia to produce unredacted copies of the agreements. Id. at 3-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA MC 15-00032-DOC (DFMx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | Lenovo Holding Company et al. v. Acacia Research Corp. et al. | | |

    For these reasons, the Court agrees with Acacia that the Global Agreements do not appear to be relevant to claims and defenses at issue in the underlying patent infringement case in Delaware. The Court will accordingly not order Acacia to produce the Global Agreements or any related communications.

    **Documents produced to the FTC.** Movants' RFP No. 31 seeks all documents produced by Acacia to the Federal Trade Commission during the FTC Investigation. The FTC Investigation appears to be a very broad inquiry into the patent assertion entity (PAE) business model employed by Acacia. Courts have been disinclined to allow this type of "cloned" or "piggybacked" discovery, absent a particularized showing that the documents sought are actually relevant to the parties' claims and defenses. See, e.g., King Cnty. v. Merrill Lynch & Co., Inc., No. 10-1156, 2011 WL 3438491, at *3 (W.D. Wa. Aug. 5, 2011); Wollam v. Wright Medical Group, Inc., No. 10-03104, 2011 WL 1899774, at *2 (D. Colo. May 18, 2011).

    Movants argue that the documents produced by Acacia to the FTC will shed light on Acacia's "general licensing practices" and inform whether Acacia and/or its subsidiaries have followed its normal licensing practices here. Dkt. 5 at 27-28; Dkt. 29 at 4-5. But it is clear that the scope of documents sought by the FTC in connection with its investigation of Acacia and other PAEs was far broader than just licensing practices. See Dkt. 1, Exh. J. Information about licensing practices may well be relevant, but Movants should seek that information directly through well-tailored requests, not by seeking the wholesale production of what Acacia turned over to the FTC.

    At the hearing, Movants suggested that Acacia be ordered to make the FTC production available on a "stand-alone" computer for Movants' review, and offered to share the costs of such a production. But this offer does not substitute for a particularized showing that the FTC production contains documents relevant to the parties' claims and defenses. The Court will not order Acacia to make its FTC production available to Movants.

    **Common-interest privilege.** Movants' RFP Nos. 25 and 26 seek valuations of the Patent-in-Suit as well as any documents relating to infringement, invalidity, enforceability, and related matters for the Patents-in-Suit. Acacia argues that its subsidiaries possess all the requested documents, that Movants are trying to avoid the requirements of the discovery order in the underlying litigation, and that the documents sought are protected by the common-interest privilege.

    During the hearing, the parties discussed Movants' concern that the universe of documents over which Acacia was asserting the common-interest privilege was the same as Plaintiffs'. To eliminate or sharpen this concern, Acacia is ordered to produce a privilege log within 30 days. If further relief with respect to that privilege log is requested by Movants once it has been received, the parties are directed to schedule an informal telephonic conference with the Court using the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA MC 15-00032-DOC (DFMx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | Lenovo Holding Company et al. v. Acacia Research Corp. et al. | | |

procedure outlined on the Procedures and Schedule page on the Court's website in order to discuss the logistics of presenting any request for such relief.

      In sum, Movants' motion to compel is DENIED in part for the reasons set forth above. Movants' motion is GRANTED in part to the extent that Acacia is ordered to produce a privilege log to Movants' counsel within thirty days.

**Make JS-6**

                                                                                                                                 :

Initials of Clerk      ts